# EXHIBIT A

Approved, SCAO

Original - Court
1st Copy - Defendant

2nd Copy - Plaintiff
3rd Copy - Return

GL0019979031

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 19-000020-NZ Hon. Craig S. Strong |
|---|---|---|

Court address: 2 Woodward Ave., Detroit MI 48226  Court telephone no.: 313-224-2240

| Plaintiff's name(s), address(es), and telephone no(s) TOTO DRY CLEANERS INC | v | Defendant's name(s), address(es), and telephone no(s). ~~Hartford Lending Group LLC~~ Sentinel Insurance Co. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no Odey K. Meroueh 76460 14339 Ford Rd Fl 2 Dearborn, MI 48126-3149 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ **City of LAW DEPARTMENT**

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.   **MAY 06 2019**

Summons section completed by court clerk.   | **SUMMONS** |   **LITIGATION UNIT**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 1/1/2019 | Expiration date* 4/2/2019 | Court clerk Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)   SUMMONS   MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TOTO DRY CLEANERS INC

    Plaintiff,

V

SENTINEL INSURANCE COMPANY, LTD.

    Defendant.
_____/

MEROUEH & HALLMAN LLP
By: Odey K. Meroueh (P76460)
Attorney for Plaintiff
14339 Ford Road, 2nd Floor
Dearborn, MI 48125
(313) 582-76460
okm@mhatlaw.com
_____/

Case No. 2019-000020-NZ
Hon: CRAIG S. STRONG

LAW DEPARTMENT

MAY 06 2019

LITIGATION UNIT

*There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint*

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, TOTO DRY CLEANERS INC, by and through their attorneys, MEROUEH & HALLMAN LLP, and for their Complaint states as follows:

## COMMON ALLEGATIONS

1. That the Plaintiff, TOTO DRY CLEANERS INC, is a Michigan corporation doing business in the City of Dearborn, County of Wayne, State of Michigan.

2. That the Defendant, SENTINEL INSURANCE COMPNAY, LTD, is Connecticut company, doing business under the umbrella of "The Hartford", doing business in the State of Michigan.

5. The subject of this litigation is real property located in the City of Dearborn, County of Wayne, State of Michigan and the amount in controversy exceeds $25,000.00 and is otherwise within the jurisdiction of this Court.

6. Defendant issued Plaintiff policy number 01SBAAZ9407, a copy of which the Plaintiff was unable to obtain from Defendant, despite numerous requests, covering property located at 14435 Ford Road, Dearborn, MI 48126, from loss due to flooding.

7. This insurance policy covered the property sated in paragraph 6 at all relevant times.

8. All premiums were paid and current, and the policy was in full force and effect at all relevant times, including on January 12th, 2016.

9. On or about January 12th, 2016, a flood occurred at the premises damaging Plaintiff's property, personal property, and clients' property, causing Plaintiff to sustain significant monetary damages.

10. Plaintiff timely notified Defendant that Plaintiff had suffered the losses set forth above.

11. Plaintiff delivered to Defendant, pursuant to the terms of the policy, satisfactory proof of the amount of loss.

12. Defendant officially denied Plaintiff's claim on September 28, 2018.
**Exhibit A, Denial Letter**

13. Defendant alleges it denies the claim because "the allegations set forth are for damages to property you rent" (Exhibit A), however there is no claim for any rented equipment, as such the denial is nonsensical.

14. MCL 500.2833 et seq. and 500.2836 provide that an insurance company must make payment on a claim within 30 days of receipt of proof of the amount of loss.

15. Defendant owed Plaintiff the duty to timely pay Plaintiff's claim.

16. MCL 500.2006 provides for the addition of 12 percent interest on claims where the Defendant insurer has failed to make payment of the claim within 60 days of receiving satisfactory proof of loss.

17. Defendant has failed to pay all amounts due and owing to Plaintiff.

18. These actions by Defendant constitute a breach of Plaintiff's insurance contract with Defendant and violate MCL 500.2006 and the provisions of the Michigan Insurance Code as set forth above.

19. As a direct and proximate result of this breach of contract, Defendant remains indebted to Plaintiff for their insured losses and Plaintiff has sustained consequential damages that were in the contemplation of the parties when the contract was made, or which are the natural and usual consequences

of a breach of a flood insurance contract. These consequential damages include, but are not limited to, additional damage to the structure, additional living expenses, expert fees, adjusting fees, and attorney fees. Further, Plaintiff is entitled to 12 percent interest pursuant to MCL 500.2006.

**WHEREFORE**, the Plaintiff prays for a Judgment against the Defendants in the amount of $600,000.00 or such greater amount as the evidence justifies, together with interest, costs and attorney fees.

Dated: January 1st, 2019

                                        MEROUEH & HALLMAN LLP

                                        /s/ Odey K. Meroueh
                                        By: Odey K. Meroueh (P76460)
                                        Attorney for Plaintiff
                                        14339 Ford Road, 2nd Floor
                                        Dearborn, MI 48126
                                        (313) 582-7469
                                        okm@mhatlaw.com



THE HARTFORD
WESTERN GL OFFICE
P.O. BOX 14265
LEXINGTON KY 40512

September 28, 2018

MB 01 006155 55864 H 25 D

Michael Abbas
14435 Ford Rd
Dearborn MI 48126-3174

Re:  Insured:        TOTO DRY CLEANERS
     Claimant:       Vincent Amalfitano
     Date of Loss:   January 12, 2016
     Event Number:   GL0017979031
     Claim Number:   Y53 LP 65959

Dear Michael Abbas:

Sentinel Insurance Company, Ltd. (The Hartford) has completed its review of the coverage provided by the insurance policy issued to Toto Dry Cleaners for the incident that occurred on January 12, 2016. The Hartford has compared the policy to the facts presented and must respectfully inform you that there is no coverage for this claim under your liability policy.

According to the facts presented, Toto Dry Cleaners leases a premise for their business and a pipe burst from a boiler causing water damage to the leased premises and property inside the unit.

**THE HARTFORD POLICY:**

The Hartford wrote a policy Number 01 SBAAZ 9407 for Toto Dry Cleaners. The span of coverage is from February 13, 2015 to February 13, 2016. The liability limit is $1,000,000 for each occurrence, with a $2,000,000 aggregate limit. The guiding form is the Business Liability Coverage Form, SS 00 08 04 05.

The policy provides coverage for "bodily injury" and "property damage" claims caused by an "occurrence", and for specific "personal and advertising injury" offenses, subject to provisions and exclusions. Since there are no claims of "bodily injury" and no allegations of "personal and advertising injury" offenses, we will limit our analysis to the "property damage" provision of the policy. For definitions not quoted below, please refer to your policy. The policy reads in part:

A.   **COVERAGES**

     1. **BUSINESS LIABILITY COVERAGE (...PROPERTY DAMAGE...)**

        **Insuring Agreement**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of ... "property damage,"... to which this insurance applies...

        b. This insurance applies:

MT00057

Page 1 of 3

       (1) To ..."property damage" only if:

          (a) The "property damage" is caused by an "occurrence"...

## B. EXCLUSIONS

**Applicable to Business Liability Coverage**
This insurance does not apply to:

...

**k. Damage to Property**

"Property damage" to:

(1) Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization, or entity, for repair, replacement, enhancement, restoration, or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property.

**G.      LIABILITY... DEFINITIONS**

      ...

  **16.** "Occurrence" means an accident...

  **20.** "Property Damage" means:

    **a.** Physical injury to tangible property including all resulting loss of use...

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence that caused it.

    ...

**CONCLUSION:**

We have completed our review of coverage under policy number 01 SBAAZ 9407. We have compared the coverage provided by this policy to the damages presented and must respectfully inform you that there is no coverage for the defense or indemnification for the claim reported to the leased premises per exclusion K. 1 cited above.

Since the allegations set forth are for damages to property you rent there would be no coverage under this policy. However, this is only a partial disclaimer of coverage as there would be coverage for any resulting damages away from the leased premises that Toto Dry Cleaners would be legally liable for.

The grounds for our coverage position, as set forth in this letter, are to advise you of our current coverage position. The Hartford reserves the right to supplement, modify and amend this letter as new facts are learned or allegations are made. We do not waive any coverage defenses available, either under the policy or the law, by failing to expressly set these out in this letter. We would also recommend that you report this claim to all other carriers who provided coverage to you for this policy period.

If you have any questions regarding our coverage position, or take exception to it, please advise the undersigned immediately of the bases of your disagreement. If there are additional facts, which you feel should alter The Hartford's coverage position or should you receive a lawsuit in this matter, please advise us of same promptly.

MT00057

Sincerely,

*Blaine Moore*

Blaine Moore
Claim Representative
Phone: (877) 625 - 2652 Ext. 2305604
Fax: (866) 809 - 1955
Blaine.Moore@thehartford.com

Writing Company Name: Sentinel Insurance Company, Ltd.

CC: NORTHEAST AGENCIES INC/PHS via Email

**Meroueh & Hallman LLP**
14339 Ford Road, 2nd Floor
Dearborn, Michigan 48126
313.582.7469 | mhatlaw.com

CERTIFIED MAIL

7018 0360 0000 5827 3002

Sentinel Insurance Company Ltd
One Hartford Plaza
Hartford CT 06155

U.S. POSTAGE PAID
FCM LETTER
CHARLOTTE, MI
48813
MAY 02, 19
AMOUNT
$7.00
R2305K136139-02



